HAROLD SPRAGUE, Claimant and Respondent, *v.* DONALD D. MacPHERSON, successor to Chadwick H. Smith, Chadwick H. Smith, successor to Paul McClure, Albert Root, as Members of the Unemployment Compensation Commission of Montana, Defendants and Appellants, and THE ANACONDA COMPANY, a Corporation, and whomsoever was the employer of the claimant upon which employment his claim was made for benefits, Defendants in District Court.

No. 10391

Submitted August 30, 1963. Decided November 8, 1963.

386 P.2d 572

Edward Schroeter, Helena, R. Lewis Brown, John Franko-vich, Butte, for appellants.

Charles V. Huppe, Helena, Robert J. Holland, Butte, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by the Unemployment Compensation Commission of the State of Montana from a judgment granting compensation benefits to the respondent. The Commission had denied such benefits and was subsequently reversed on appeal by the district court of Silver Bow County.

Stipulation was filed by counsel for all parties that the cause be submitted for decision upon the record and briefs, without oral argument, and it is so before the court.

Reference is hereby made to Scott v. Unemployment Compensation Comm'n, 141 Mont. 230, 376 P.2d 733, which involved thirty-seven appeals similar to the one presented here. All such controversies, including this case, arose out of work stoppage caused by International Mine, Mill's strike against the Anaconda Company at its Montana plants. All thirty-seven claimants, as well as the respondent Sprague, were members of the striking union. The controversies treated in the Scott case, and this case, center around the attempts by the striking workers to obtain compensation benefits under the Montana Unemployment Compensation Law.

As we noted in the Scott case, R.C.M. 1947, § 87-106(d), before the 1961 amendment, provided:

"An individual shall be disqualified for benefits—
*   *   *

"(d) For any week with respect to which the commission finds that his total unemployment is due to a stoppage of work which exists because of a labor dispute at the factory, establishment, or other premises at which he is or was last

employed, provided that this subsection shall not apply if it is shown to the satisfaction of the commission that—

"(1) He is not participating in or financing or directly interested in the labor dispute which caused the stoppage of work; and

"(2) He does not belong to a grade or class of workers of which immediately before the commencement of the stoppage, there were members employed at the premises at which the stoppage occurs, any of whom are participating in or financing or directly interested in the dispute;

"Provided, that if in any case separate branches of work which are commonly conducted as separate businesses in separate premises are conducted in separate departments of the same premises, each such department shall, for the purposes of this subsection, be deemed to be a separate factory, establishment, or other premises; provided, further, that if the commission, upon investigation, shall find that such labor dispute is caused by the failure or refusal of any employer to conform to the provisions of any law of the state of Montana or of the United States pertaining to collective bargaining, hours, wages or other conditions of work, such labor dispute shall not render the workers ineligible for benefits."

Section 87-149(a), before the 1961 amendment, provided a definition of "total unemployment" and set up specific standards for making such a determination. This section is not specifically relevant here.

We noted in the Scott case, at page 241, 739 of 376 P.2d, that "the law should be liberally construed in favor of the allowance of benefits, keeping in mind however that such benefits are to be paid only to 'persons unemployed through no fault of their own.'" See the declaration of state public policy, section 87-102, R.C.M. 1947. For the first time, this court in the Scott case discussed exhaustively the question of whether or not one who is on strike is to be considered an employee of the struck employer. We concluded that the

authorities were quite unanimous in holding in such case that the relation of employer-employee was not vitiated by reason of a strike. See Scott v. Unemployment Compensation Comm'n, 141 Mont. 320, 376 P.2d 733.

Before turning to a consideration of whether or not the facts of this case merit an award for respondent (as the district court found) it should first be noted that section 87-108 provides for the appellate procedure within the Commission which was followed by respondent. That section also provides for a judicial review after an exhaustion of administrative remedies. Subdivision (d) provides in part:

"In any judicial proceeding under this section, the findings of the commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law."

In Jordan v. Craighead, 114 Mont. 337, 342, 136 P.2d 526, and later quoted in the Scott case, supra, this court stated:

"No fraud is charged and the question before the district court and before this court is whether the findings of the Commission were 'supported by evidence.' Both parties agree that by 'evidence' is meant not a mere scintilla but substantial evidence—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion' (consolidated Edison Co. [of New York] v. National Labor Relations Board, 305 U. S. 197, 59 S.Ct. 206, 217, 83 L.Ed. 126), 'enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' National Labor Relations Board v. Columbia Enameling & Stamping Co., Inc., 306 U. S. 292, 59 S.Ct. 501, 505, 83 L.Ed. 660.

"But that means only that the court must find that the evidence sustaining the findings is substantial and not that in its opinion the evidence contra is less substantial or does not preponderate against it."

In reversing the decision of the district court (which had

reversed the findings of the Commission) in the Scott case, this court at p. 240 of 141 Mont., p. 739 of 376 P.2d said:

"A review of the appeal record clearly shows that the findings of the Commission are supported by evidence within the definition as laid down by this court in the Jordan case."

Our problem at this point is to determine whether or not respondent Sprague falls within the scope of our decision in the Scott case. If he does, the district court erred in awarding unemployment compensation. The record in the Scott case discloses, for example, that one Schlect, respondent in case No. 10281, moved his family to Billings after the strike had begun and was there employed on indefinite tenure at a packing house. He joined the Butchers' Union, but had not, however, relinquished his seniority rights which he retained with the Anaconda Company. He also continued his insurance program. We noted that Schlect "wanted to be able to return to the Anaconda Company when the strike ended if he desired. That was his privilege, but in such a situation he is disqualified from benefits."

In comparison, respondent Sprague secured employment after the strike had begun with a construction company in Oregon. When hired in Oregon, no agreement was made as to the permanency of his job, neither did he terminate his seniority rights, insurance rights, pension rights, or vacation rights with Anaconda. While in Oregon, he maintained his residence in Butte and his two minor children stayed with an older daughter there. Three days before the work in Oregon was to terminate, respondent quit and returned to Butte to be with his wife who was sick at that time. Respondent testified that he desired to return to a new construction project, but lacked the necessary funds. On February 16, 1960, the strike was ended and the respondent returned to work with the Anaconda Company on a seniority basis.

We think that the findings of the Commission are supported by substantial evidence, and that the district court erred

586

in overturning the ruling of this administrative agency. All that was said in Scott v. Unemployment Compensation Comm'n, 141 Mont. 230, 376 P.2d 733, is applicable to respondent Sprague, who could well have been the thirty-eighth claimant in the Scott case.

The judgment of the district court is reversed with instructions to enter judgment affirming the orders of the Unemployment Compensation Commission.

MR. JUSTICES CASTLES, JOHN C. HARRISON and DOYLE, concur.

MR. JUSTICE ADAIR not participating.